UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO, WESTERN DIVISION

| | |
|---|---|
| LISA M. SWEIDAN, | Case No.: 1:10-cv-00719-SAS-KLL |
| Plaintiff, | Hon. S. Arthur Spiegel |
| v. | |
| SUN CHEMICAL CORPORATION, KIMBERLY CLARK, JOE CIONNI, GAYLE WIRTHWINE, SCOTT CHASE, JOHN ROZIER, MARTY SALYERS, AND TONY ZWIRGDZAS, | **DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES** |
| Defendants. | |

Defendants Sun Chemical Corporation ("Sun Chemical"), Kimberly Clark ("Clark"), Joe Cionni ("Cionni"), Gayle Wirthwine ("Wirthwine"), Scott Chase ("Chase"), John Rozier ("Rozier"), Marty Salyers ("Salyers"), and Tony Zwirgdzas ("Zwirgdzas") (collectively, "Defendants"), by their undersigned counsel, state in Answer to the Complaint of plaintiff Lisa M. Sweidan ("Plaintiff"):

### JURISDICTION, VENUE, AND PARTIES

1. The allegation contained in Paragraph 1 of the Complaint sets forth a legal conclusion that Defendants are required neither to admit nor deny. To the extent a response is required, Defendants admit that Plaintiff purports to assert an action pursuant to 42 U.S.C. § 2000e-2 and the Constitution and laws of the State of Ohio, but deny any and all wrongdoing and leave Plaintiff to her proofs.

2. The allegation contained in Paragraph 2 of the Complaint sets forth a legal conclusion that Defendants are required neither to admit nor deny. To the extent a response is required, Defendants admit that Plaintiff purports to invoke the jurisdiction of this Court

pursuant to 28 U.S.C. §§ 1331 and 1343. Defendant further denies that there exists any basis in law or fact for Plaintiff's claims.

3. The allegation contained in Paragraph 3 of the Complaint sets forth a legal conclusion that Defendants are required neither to admit nor deny. To the extent a response is required, Defendants admit that Plaintiff purports to invoke the supplemental jurisdiction of this Court over her state law claims pursuant to 28 U.S.C. § 1367 and the doctrine of pendent jurisdiction. Defendant further denies that there exists any basis in law or fact for Plaintiff's claims.

4. The allegation contained in Paragraph 4 of the Complaint sets forth a legal conclusion that Defendants are required neither to admit nor deny. To the extent a response is required, Defendants admit that Plaintiff purports to establish venue in this Court pursuant to 28 U.S.C. § 1391. Defendant further denies that there exists any basis in law or fact for Plaintiff's claims.

5. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5 of the Complaint.

6. Defendants deny the allegations in Paragraph 6 of the Complaint, and aver that Sun Chemical Corporation is a foreign corporation that is licensed to conduct business in the State of Ohio and is transacting business in the State of Ohio.

7. Defendants admit the allegations in Paragraph 7 of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegation as to when Plaintiff received a Right to Sue notice from the Equal Employment Opportunity Commission ("EEOC").

## FACTUAL BACKGROUND

8.  Defendants repeat and reallege each and every answer made in the foregoing paragraphs of the Answer as if fully set forth herein.

9.  Defendants admit the allegation in Paragraph 9 of the Complaint that Plaintiff is female.

10. Defendants admit the allegations in Paragraph 10 of the Complaint.

11. Defendants admit the allegations in Paragraph 11 of the Complaint.

12. Defendants deny the allegations in Paragraph 12 of the Complaint, and aver that when Plaintiff was hired as a Laboratory Technician in 1999 at Sun Chemical's Amelia Plant, the Plant utilized pay progression training guidelines for Laboratory Technicians and Production Workers.

13. Defendants deny the allegations in Paragraph 13 of the Complaint.

14. Defendants deny the allegations in Paragraph 14 of the Complaint, except admit that Plaintiff began the pay progression on October 11, 1999.

15. Defendants deny the allegations in Paragraph 15 of the Complaint, except admit that Plaintiff and Greg Bacon both became Senior Laboratory Technicians, Grade 8, in 2000.

16. Defendants deny the allegations in Paragraph 16 of the Complaint.

17. Defendants deny the allegations in Paragraph 17 of the Complaint, and aver that Matt Wolfe, the individual whom Plaintiff claims to have trained in the Lab.

18. Defendants deny the allegations in Paragraph 18 of the Complaint.

19. Defendants deny the allegations in Paragraph 19 of the Complaint.

20. Defendants deny the allegations in Paragraph 20 of the Complaint, except admit that Plaintiff started a chemistry program at the University of Cincinnati.

21. Defendants deny the allegations in Paragraph 21 of the Complaint.

22. Defendants deny the allegations in Paragraph 22 of the Complaint, except admit that "[c]omplete chemistry degree" was listed as a short-term career goal on the performance appraisals Plaintiff received in February 2008, December 2008, and April 2009.

23. Defendants admit the truth of the allegations in Paragraph 23 of the Complaint, and aver that Jim Moore also held a degree in Natural Science.

24. Defendants deny the allegations in Paragraph 24 of the Complaint, and aver that Rozier and Salyers confirmed that a chemistry degree would be required in order to be considered for an Analytical Chemist position if the position became available in the Kodak Quality Control Lab.

25. Defendants deny the allegations in Paragraph 25 of the Complaint.

26. Defendants deny the allegations in Paragraph 26 of the Complaint, except admit that Salyers interviewed Plaintiff in connection with the internal investigation of a sexual harassment complaint.

27. Defendants deny the allegations in Paragraph 27 of the Complaint.

28. Defendants deny the allegations in Paragraph 28 of the Complaint.

29. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29 of the Complaint.

30. Defendants admit the allegations in Paragraph 30 of the Complaint.

31. Defendants deny the allegations in Paragraph 31 of the Complaint.

32. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegation in Paragraph 32 of the Complaint.

33. Defendants deny the allegations in Paragraph 33 of the Complaint, except admit that Plaintiff complained to Lafferty via email about having to punch in and out using a time clock.

34. Defendants deny the allegations in Paragraph 34 of the Complaint, and aver that Lafferty came to the Sun Chemical Administration building to meet with Plaintiff.

35. Defendants deny the allegations in Paragraph 35 of the Complaint.

36. Defendants deny the allegations in Paragraph 36 of the Complaint.

37. Defendants deny the allegations in Paragraph 37 of the Complaint.

38. Defendants deny the allegations in Paragraph 38 of the Complaint.

39. Defendants admit the allegations in Paragraph 39 of the Complaint.

40. Defendants deny the allegations in Paragraph 40 of the Complaint, and aver that the March 9, 2009 email had a link to the following msn webpage: www.suntimes.com/lifestyles/fashion/1462710,w-mirdle-man-girdle-equmen030509.article, which document speaks for itself.

41. Defendants deny the allegations in Paragraph 41 of the Complaint.

42. Defendants deny the allegations in Paragraph 42 of the Complaint.

43. Defendants deny the allegations in Paragraph 43 of the Complaint.

44. Defendants deny the allegations in Paragraph 44 of the Complaint.

45. Defendants deny the allegations in Paragraph 45 of the Complaint that any Sun Chemical employee was harassing Plaintiff, and further deny that any Sun Chemical employee engaged in any conduct toward Plaintiff that justified transfer or termination of employment.

46. Defendants deny the allegations in Paragraph 46 of the Complaint.

47. Defendants deny the allegations in Paragraph 47 of the Complaint.

48. Defendants deny the allegations in Paragraph 48 of the Complaint.

49. Defendants admit the allegations in Paragraph 49 of the Complaint.

50. Defendants deny the allegations in Paragraph 50 of the Complaint.

51. Defendants deny the allegations in Paragraph 51 of the Complaint.

52. Defendants deny the allegations in Paragraph 52 of the Complaint.

53. Defendants deny the allegations in Paragraph 53 of the Complaint.

54. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 54 of the Complaint.

55. Defendants deny the allegations in Paragraph 55 of the Complaint.

56. Defendants deny the allegations in Paragraph 56 of the Complaint.

57. Defendants deny the allegations in Paragraph 57 of the Complaint.

58. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 58 of the Complaint.

59. Defendants deny the allegations in Paragraph 59 of the Complaint.

60. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 60 of the Complaint.

61. Defendants admit the allegations in Paragraph 61 of the Complaint.

62. Defendants deny the allegations in Paragraph 62 of the Complaint, and aver that Plaintiff received a warning on August 12, 2009 for her failure to follow proper testing procedures, her violation of the Employee Policy Guide, and her failure to take initiative to ensure that assigned tasks are completed.

63. Defendants admit the allegations in Paragraph 63 of the Complaint.

64. Defendants admit the allegations in Paragraph 64 of the Complaint.

65. Defendants deny the allegations in Paragraph 65 of the Complaint.

66. Defendants deny the allegations in Paragraph 66 of the Complaint.

67. Defendants deny the allegations in Paragraph 67 of the Complaint, and aver that Plaintiff forwarded selected emails between Wirthwine and Cionni and herself to Marty Salyers, Division HR Manager for the Amelia site.

68. Defendants deny the allegations in Paragraph 68 of the Complaint, except admit that Salyers conducted an investigation into Plaintiff's allegations.

69. Defendants admit the allegations in Paragraph 69 of the Complaint.

70. Defendants deny the allegations in Paragraph 70 of the Complaint.

71. Defendants deny the allegations in Paragraph 71 of the Complaint.

72. Defendants deny the allegations in Paragraph 72 of the Complaint, except admit that Plaintiff took chemistry classes.

73. Defendants admit the allegations in Paragraph 73 of the Complaint.

74. Defendants deny the allegations in Paragraph 74 of the Complaint, except admit that Plaintiff was suspended for three days without pay on October 20, 2009.

75. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 75 of the Complaint.

76. Defendants deny the allegations in Paragraph 76 of the Complaint.

77. Defendants deny the allegations in Paragraph 77 of the Complaint, except admit that Plaintiff went on a short-term disability and FMLA leave of absence on or about October 30, 2009.

78. Defendants deny the allegations in Paragraph 78 of the Complaint.

79. Defendants deny the allegations in Paragraph 79 of the Complaint.

80. Defendants admit the allegations in Paragraph 80 of the Complaint.

81. Defendants deny knowledge or information to form a belief as to the truth of the allegations in Paragraph 81 of the Complaint.

82. Defendants deny the allegations in Paragraph 82 of the Complaint.

83. Defendants deny the allegations in Paragraph 83 of the Complaint, and aver that on December 15, 2009, Plaintiff sent an email message with a subject line "Amelia Schedule" to Tony Zwirgzdas and copied Marty Salyers and John McKeown, which email speaks for itself.

84. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 84 of the Complaint, except admit that Plaintiff is an at-will employee and like all employees, is expected to follow her supervisor's directions.

85. Defendants admit the allegations in Paragraph 85 of the Complaint.

86. Defendants deny the allegations in Paragraph 86 of the Complaint.

87. Defendants admit the allegations in Paragraph 87 of the Complaint.

88. Defendants deny the allegations in Paragraph 88 of the Complaint, and aver that all Technical Specialists and Quality Control Laboratory Technicians located in the Sun Chemical Amelia Plant Main Plant building are required to work 4 on, 4 off, 12 hour shifts.

89. Defendants deny the allegations in Paragraph 89 of the Complaint, and aver that Salyers informed all employees who took classes that they could accommodate their class schedule by using benefit time, taking vacation, or switching their hours with another employee as long as they first obtained supervisor approval for the switch.

90. Defendants deny the allegations in Paragraph 90 of the Complaint, except admit that Plaintiff received a performance review in March 2010, which document speaks for itself.

91. Defendants deny the allegations in Paragraph 91 of the Complaint, except admit that Plaintiff filed an EEOC charge against Sun Chemical, which document speaks for itself.

92. Defendants admit the allegations in Paragraph 92 of the Complaint.

93. Defendants deny the allegations in Paragraph 93 of the Complaint.

94. Defendants deny the allegations in Paragraph 94 of the Complaint.

95. Defendants admit the allegations in Paragraph 95 of the Complaint.

96. Defendants deny the allegations in Paragraph 96 of the Complaint, except admit that Plaintiff was on a performance improvement plan from in or about March 10, 2010 to July 19, 2010.

97. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in the truth of the allegations in Paragraph 97 of the Complaint.

98. Defendants deny the allegations in Paragraph 98 of the Complaint.

## AS TO PLAINTIFF'S COUNT I

### Sex Discrimination and a Hostile Work Environment

99. Defendants repeat and reallege each and every answer made in the foregoing paragraphs of the Answer as if fully set forth herein.

100. Defendants admit the allegations in Paragraph 100 of the Complaint.

101. Defendants admit the allegations in Paragraph 101 of the Complaint.

102. Defendants deny the allegations in Paragraph 102 of the Complaint.

103. Defendants deny the allegations in Paragraph 103 of the Complaint.

104. Defendants deny the allegations in Paragraph 104 of the Complaint.

105. Defendants deny the allegations in Paragraph 105 of the Complaint.

106. Defendants deny the allegations in Paragraph 106 of the Complaint.

## AS TO PLAINTIFF'S COUNT II

### Vicarious Liability

107. Defendants repeat and reallege each and every answer made in the foregoing paragraphs of the Answer as if fully set forth herein.

108. Defendants deny the allegations in Paragraph 108 of the Complaint.

109. Defendants deny the allegations in Paragraph 109 of the Complaint.

110. Defendants deny the allegations in Paragraph 110 of the Complaint.

111. Defendants deny the allegations in Paragraph 111 of the Complaint.

112. Defendants deny the allegations in Paragraph 111 of the Complaint.

113. Defendants deny the allegations in Paragraph 113 of the Complaint.

114. Defendants deny the allegations in Paragraph 114 of the Complaint.

## AS TO PLAINTIFF'S COUNT III

### Gender Discrimination

115. Defendants repeat and reallege each and every answer made in the foregoing paragraphs of the Answer as if fully set forth herein.

116. Defendants admit the allegations in Paragraph 116 of the Complaint.

117. Defendants admit the allegations in Paragraph 117 of the Complaint.

118. Defendants deny the allegations in Paragraph 118 of the Complaint.

119. Defendants deny the allegations in Paragraph 119 of the Complaint.

120. Defendants deny the allegations in Paragraph 120 of the Complaint.

121. Defendants deny the allegations in Paragraph 121 of the Complaint.

## AS TO PLAINTIFF'S COUNT IV

### Retaliation

122.   Defendants repeat and reallege each and every answer made in the foregoing paragraphs of the Answer as if fully set forth herein.

123.   Defendants deny the allegations in Paragraph 123 of the Complaint.

124.   Defendants deny the allegations in Paragraph 124 of the Complaint.

125.   Defendants deny the allegations in Paragraph 125 of the Complaint.

126.   Defendants deny the allegations in Paragraph 126 of the Complaint.

127.   Defendants deny the allegations in Paragraph 127 of the Complaint.

128.   Defendants deny the allegations in Paragraph 128 of the Complaint, except admit that Plaintiff was on a performance improvement plan from on or about March 11, 2010 to on or about July 9, 2010.

129.   Defendants deny the allegations in Paragraph 129 of the Complaint, except admit that Plaintiff received a lateral transfer from the Annex building to the Main Plant Building in or about January 2010.

130.   Defendants deny the allegations in Paragraph 130 of the Complaint.

131.   Defendants deny the allegations in Paragraph 131 of the Complaint.  Defendants deny the allegations in Paragraph 131 of the Complaint, except admit that Plaintiff received a lateral transfer from the Annex building to the Main Plant Building in or about January 2010 and her work hours changed in connection with this transfer.

132.   Defendants deny the allegations in Paragraph 133 of the Complaint.

133.   Defendants deny the allegations in Paragraph 134 of the Complaint.

134.   Defendants deny the allegations in Paragraph 135 of the Complaint.

## AS TO PLAINTIFF'S PRAYER FOR RELIEF

135. Defendants deny that Plaintiff is entitled to any relief requested in the Prayer for Relief, or any other relief whatsoever.

## AFFIRMATIVE DEFENSES

### FIRST SEPARATE DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

### SECOND SEPARATE DEFENSE

Plaintiff did not suffer any damages attributable to any actions of Defendants.

### THIRD SEPARATE DEFENSE

Upon information and belief, Plaintiff's claims are barred, in whole or in part, or her recoverable damages (if any, and which Defendants deny) should be reduced, because she failed to take reasonable steps to mitigate her damages.

### FOURTH SEPARATE DEFENSE

Upon information and belief, the Complaint fails to state a claim upon which an award of compensatory damages, punitive damages, and/or attorneys' fees can be granted.

### FIFTH SEPARATE DEFENSE

Plaintiff's Complaint is barred in whole or in part by the doctrines of laches, waiver, misrepresentation, and/or unclean hands.

### SIXTH SEPARATE DEFENSE

Plaintiff's claims are barred in whole or in part by the applicable statute of limitations.

### SEVENTH SEPARATE DEFENSE

Plaintiff is not entitled to the relief sought in the Complaint to the extent said relief is not available under the applicable statutes, regulations, ordinances, executive orders, or other relevant provisions of law.

### EIGHTH SEPARATE DEFENSE

The Complaint is barred, in whole or in part, as to any matters not contained in Plaintiff's administrative charge, for which no right to sue letter has been issued, and/or for which she has failed to exhaust, and/or has elected, administrative remedies.

### NINTH SEPARATE DEFENSE

Defendant Sun Chemical relied on legitimate non-discriminatory business factors for its actions and decisions with respect to all personnel actions taken with respect to Plaintiff's employment.

### TENTH SEPARATE DEFENSE

Defendant Sun Chemical is not liable to Plaintiff for discrimination, harassment, or retaliation because Defendant exercised reasonable care to prevent and correct such behavior and Plaintiff unreasonably failed to take advantage of the preventative and corrective opportunities provided by Defendant Sun Chemical and otherwise failed to avoid harm.

### ELEVENTH SEPARATE DEFENSE

At all times relevant herein, including prior to the alleged discriminatory acts referred to in the Complaint, Defendant Sun Chemical had established and complied with policies, programs, and procedures for the prevention and detection of unlawful discriminatory practices. To the extent Plaintiff availed himself of the policies/programs/procedures, Defendant took prompt and effective remedial action to correct any alleged discrimination or retaliation.

### TWELFTH SEPARATE DEFENSE

The Complaint is barred, in whole or in party, by virtue of the fact that the alleged conduct was based on a factor or factors other than race and gender.

## THIRTEENTH SEPARATE DEFENSE

In the event that Plaintiff can demonstrate that an impermissible factor was a motivating factor in the employment decisions that she challenges (which Defendants expressly deny), she is not entitled to money damages, reinstatement or other relief because Defendants would have taken the same actions in the absence of any impermissible factor, and accordingly are not liable to Plaintiff.

## FOURTEENTH SEPARATE DEFENSE

Defendant Sun Chemical is not liable to Plaintiff for the acts or omissions of any supervisory or managerial employee that were beyond the scope of his or her employment.

## FIFTEENTH SEPARATE DEFENSE

Plaintiff is not entitled to recover punitive damages because at all relevant times, including prior to the allegations that form the basis of Plaintiff's claims, Defendants engaged in good faith efforts to comply with all laws governing Plaintiff's employment.

## SIXTEENTH SEPARATE DEFENSE

Defendants acted in good faith and without malice, willfulness, recklessness or evil intent.

## SEVENTEENTH SEPARATE DEFENSE

Defendant Sun Chemical cannot be held vicariously liable for punitive damages because it made good faith efforts to comply with the Laws regarding unlawful discrimination.

Defendants reserve the right to amend this Answer and to assert additional defenses and/or supplement, alter or change the Answer upon completion of appropriate investigation and discovery.

**WHEREFORE**, Defendants request that the Court enter judgment dismissing the Complaint in its entirety and with prejudice; granting to Defendants their costs and attorneys' fees; and granting to Defendants such other relief as the Court may deem just and proper.

Dated: April 1, 2011  
      New York, New York

Respectfully submitted,

*/s/ Robin D. Ryan*  
Robin D. Ryan (0074375)  
GRAYDON HEAD & RITCHEY LLP  
7759 University Drive, Suite A  
West Chester, OH 45069  
Phone: (513) 755-4502  
Fax: (513) 755-9588  
E-mail: rryan@graydon.com

*/s/ Kathleen M. Mckenna*  
Kathleen M. McKenna  
Keisha-Ann G. Gray  
Eleven Times Square  
New York, NY 10036-8299  
Telephone: 212.969.3000  
Facsimile: 212.969.2900  
*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on this 4th day of April, 2011, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the attorneys of record.

*/s/ Robin D. Ryan*  
Robin D. Ryan

3073220.1